MARY E. GREIMS and Others, Respondents, *v.* VICTOR E. GARTZ, Appellant.

Supreme Court, Appellate Term, First Department, January 21, 1928.

Landlord and tenant — constructive eviction — lease provided servants should use no elevator except " service car " — building contained no " service car " — refusal of landlord to permit defendant's maid to use passenger elevator justified abandonment of premises.

Defendant, who occupied plaintiffs' apartment house under a lease providing that servants should use no elevator except " service car," was justified in abandoning the premises, since the landlord's refusal to permit defendant's maid to use the passenger elevator constituted a constructive eviction from the premises, in view of the fact that there was no " service car," and that for over five years plaintiffs had permitted defendant's maid to use the passenger elevator.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, First District, entered on decision in favor of plaintiffs.

*Carmody, McLaughlin, Easterday & Otto* [*Edmond B. Butler* of counsel], for the appellant.

*Joseph B. Kaufman,* for the respondents.

PER CURIAM. Although plaintiffs' lease provided that servants should use no elevator except " service car," it appears there was no service car or elevator in the building within the meaning of the law and rules applicable to apartment houses, but merely a " freight compartment " underneath the passenger elevator, that it was unlawful to use such " freight compartment " for passenger traffic, except that persons carrying packages or parcels might be carried in such compartment, and that for over five years plaintiffs had permitted defendant's maid or housekeeper to use the passenger elevator. The practical construction of the lease as shown by the acts of the parties indicates that defendant was entitled to the use of the passenger elevator, subject to the reasonable regulations of the landlords, for the purpose of taking his housekeeper to and from the eleventh floor, and the refusal of the landlords to permit such use justified the abandonment of possession by the tenant, resulting in a constructive eviction from the premises.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, DELEHANTY, LYDON and LEVY, JJ.